**UNITED STATES of America, Appellee,**

v.

**Carmen COTTO, Defendant–Appellant.**

**No. 38, Docket 92–1129.**

United States Court of Appeals, Second Circuit.

Argued Aug. 31, 1992.

Decided Nov. 10, 1992.

Terrence S. Ward, Asst. Federal Public Defender, New Haven, Conn. (Thomas G. Dennis, Federal Public Defender, on the brief), for defendant-appellant.

James I. Glasser, Asst. U.S. Atty., Bridgeport, Conn. (Albert S. Dabrowski, U.S. Atty., New Haven, Conn., on the brief), for appellee.

Before: FEINBERG, NEWMAN, and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal in a Sentencing Guidelines case concerns primarily the narrow issue

whether a district judge, considering imposition of an enhancement because of a defendant's supervisory role, may forgo the three-level increase called for by U.S.S.G. § 3B1.1(b) and instead impose a two-level increase. The issue arises on an appeal by Carmen Cotto from the February 21, 1992, judgment of the District Court for the District of Connecticut (Warren W. Eginton, Judge), convicting her, on her guilty plea, of a narcotics conspiracy offense. The defendant contends that the evidence does not support any enhancement for a supervisory role. We remand for reconsideration of the supervisory role enhancement and also for reconsideration of a downward departure, in light of our recent decision in *United States v. Maier*, 975 F.2d 944 (2d Cir.1992).

### Facts

Cotto pled guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988). Her written plea agreement acknowledged that she had participated in a conspiracy with at least seven other named individuals and that her conduct or the reasonably foreseeable conduct of her co-conspirators involved the distribution of between 15 and 50 kilograms of cocaine.

The Probation Department's recommended guideline calculation began with a base offense level of 34, calculated with regard to the quantity of cocaine, *see* U.S.S.G. § 2D1.1(a)(3). The pre-sentence report then recommended a three-level enhancement because the defendant was a manager or supervisor of five or more participants, *see id.* § 3B1.1(b), and a two-level reduction for acceptance of responsibility, *see id.* § 3E1.1(a). The resulting offense level of 35, combined with Criminal History Category I (the defendant has no prior convictions or arrests), yielded a sentencing range of 168 to 210 months' imprisonment.

The defendant objected to the three-level enhancement for supervisory role and also urged consideration of a downward departure because of her drug rehabilitation. In response, the Government suggested that, if the Court was "uncomfortable" with a three-level enhancement, a two-level enhancement would be appropriate. Judge Eginton accepted the suggestion, and determined the guideline range, calculated for an adjusted offense level of 34, to be 151 to 188 months. Declining to make a downward departure for the defendant's drug rehabilitation, he imposed a sentence of 151 months (approximately twelve and one-half years), plus a five-year term of supervised release.

### Discussion

1. *Enhancement for supervisory role.* The Guidelines establish three grades of enhancement for a defendant's "Aggravating Role" in an offense. U.S.S.G. § 3B1.1. For criminal activity involving five or more participants, subsection 3B1.1(a) requires a four-level increase for an "organizer or leader" and subsection 3B1.1(b) requires. a three-level increase for a "manager or supervisor." For those acting as "organizer, leader, manager, or supervisor" in any criminal activity other than those described in subsections 3B1.1(a) and (b), subsection 3B1.1(c) requires a two-level increase.

█ Appellant contends that she should not have received any enhancement as a "manager or supervisor." She contends that she was only a telephone dispatcher, relaying to members of the drug distribution ring the instructions regarding time, place, and quantity determined by the leaders of the organization. However, the evidence before Judge Eginton permitted him to conclude that appellant's role in the organization was within the "manager or supervisor" category. She decided which runners to send to make particular deliveries and determined specific details of their assignments. Her senior position in the organization was indicated by the facts that she was a signatory of the lease for the premises used as the drug ring's office and that the cellular telephones used by members of the ring were in the name of the alias that she used. Although this evidence is not as strong as that in previous cases in which we have affirmed an enhancement for the role of "manager or

supervisor," [1] according the District Judge the appropriate deference to his fact-finding, *see United States v. Pitre*, 960 F.2d 1112, 1126 (2d Cir.1992); *United States v. Olvera*, 954 F.2d 788, 793 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 3011, 120 L.Ed.2d 885 (1992), and to his application of the Guidelines to the facts, *see* 18 U.S.C. § 3742(e) (1988), we see no basis for disturbing the decision to impose a supervisory role enhancement.

 The amount of the enhancement, however, is more problematic. In organizations involving five or more participants, section 3B1.1 specifies enhancements of four levels for organizers or leaders and three levels for managers or supervisors. In organizations with less than five participants, the enhancement is set at two levels for all four roles—organizer, leader, manager, or supervisor. For some enhancements, the Sentencing Commission has explicitly authorized sentencing judges to select an intermediate degree of increase between specified levels if the facts warrant such an outcome. *See, e.g.,* U.S.S.G. § 2A2.2(b)(3)(D), (E) (intermediate enhancement authorized for injuries considered to be "between" specified categories of injuries); *see also id.* § 3B1.2 (intermediate decrease authorized for mitigating role "falling between" minimal and minor participation). No such compromise outcome is permitted for the aggravating role enhancement.

In the pending case, it is undisputed that the defendant's criminal activity involved more than five persons. Her plea agreement identified by name eight participants, including herself. In deciding whether the facts warranted a supervisory role enhancement, the sentencing judge therefore had only the choice of a three-level enhancement or no enhancement. No doubt some defendants, perhaps Cotto, would prefer to accept a two-level enhancement, rather than have a sentencing judge face the choice of either a three-level enhancement or no enhancement. But we may not approve that outcome for two reasons. First, the Commission has specified precise levels of enhancement, without authorizing intermediate compromises. Second, intermediate compromises will expose some defendants to the risk that a sentencing judge, not fully persuaded that the criteria for a supervisory role enhancement have been met, might resolve the doubts by imposing less than the specified enhancement. That would result in a one- or two-level enhancement under circumstances where no enhancement would have been imposed had the judge realized that the choice was three or none. In Cotto's case, with an offense level of 32 (34 for the drug quantity less 2 for acceptance of responsibility), a three-level increase for supervisory role results in a 47–month increase in the minimum guideline range—nearly four years of non-parole time. A judge should be rather confident that such an enhancement is warranted before including it in a sentencing decision.

We can appreciate that Cotto may not regard it as a victory to have this case remanded for a reconsideration that might result in a higher sentence. A three-level supervisory role enhancement would increase her minimum guideline range by seventeen months compared to the minimum range resulting from a two-level enhancement. In similar circumstances, where the outcome of a defendant's "successful" appeal on an issue not previously adjudicated created the risk of exposure to an increased sentence, we have declined to force such a "victory" upon the appellant and instead permitted the appeal to be

---

1. *See, e.g., United States v. Rivera*, 971 F.2d 876, 893 (2d Cir.1992) (defendant managed a street corner); *United States v. Beaulieau*, 959 F.2d 375, 380 (2d Cir.1992) (defendant was source of supply of drugs); *United States v. Marquez*, 941 F.2d 60, 63 (2d Cir.1991) (defendant managed a "spot" where transactions occurred); *United States v. Garcia*, 936 F.2d 648, 656 (2d Cir.) (defendant negotiated price and quantity with buyer, found source of supply, and directed activities of others), *cert. denied*, —— U.S. ——, 112 S.Ct. 595, 116 L.Ed.2d 619 (1991); *United States v. Jacobo*, 934 F.2d 411, 418 (2d Cir.1991) (defendant found source of supply and hired others to carry it); *United States v. Rodriguez-Gonzalez*, 899 F.2d 177, 183 (2d Cir.) (defendant negotiated price, held drugs in his own apartment, and directed the activity of one other person for one week), *cert. denied*, —— U.S. ——, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990).

withdrawn. *See United States v. Bohn,* 959 F.2d 389, 395 (2d Cir.1992). In this case, since, as we discuss below, a remand is required in any event for reconsideration of a downward departure, we will adapt the *Bohn* disposition to the circumstances of this case by instructing the District Court, on remand, to afford the defendant an opportunity, if she chooses, to withdraw her challenge to the two-level enhancement.

■ 2. *Drug rehabilitation departure.* Appellant asked the District Judge to consider a downward departure because of the extensive efforts she had made after her arrest to rehabilitate herself from her drug addiction. In rejecting this request, the District Judge appears to have blended an exercise of discretion with a view that such a departure would be unlawful. At one point, for example, he indicated that such a departure might violate the Equal Protection Clause. Subsequent to his ruling, we have held that a downward departure based on drug rehabilitation is permissible. *See United States v. Maier,* 975 F.2d at 945. To avoid the risk that such a departure might have been wrongfully withheld because of doubts as to its validity, a remand to reconsider such a departure in light of *Maier* is appropriate.

Accordingly, we vacate the sentence and remand for further proceedings consistent with this opinion.