UNITED STATES of America, Appellant,

v.

Robert G. KIRKEBY, Appellee.

No. 93–1358.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1993.

Decided Dec. 9, 1993.

Keith William Reisenauer, Fargo, ND, argued, for appellant.

Michael Charles O'Neel, Fargo, ND, argued, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, and HEANEY and ROSS, Senior Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The federal government appeals Robert Kirkeby's sentence, contending that the trial court improperly calculated Mr. Kirkeby's offense level under the federal sentencing guidelines by applying an enhancement of only two levels, rather than three, for Mr. Kirkeby's aggravating role in the offense. *See* U.S.S.G. § 3B1.1. We reverse the trial court and remand the case for resentencing.

I.

Robert Kirkeby was indicted on 22 counts of drug and money-laundering charges. The indictment included, in addition, 24 other counts relating to five other defendants, some of whom were also charged in the counts against Mr. Kirkeby. In late 1992,

Mr. Kirkeby pleaded guilty to one count of conspiracy to possess cocaine with the intent to distribute it and one count of money laundering. The remaining 20 counts against him were dismissed in exchange for his plea.

Mr. Kirkeby's base offense level under the federal sentencing guidelines was 28. *See* U.S.S.G. § 3D1.2(b), § 3D1.3(a); *see also* U.S.S.G. · § 2D1.1(a)(3), § 2D1.1(c)(8), § 2S1.1(a)(1), § 2S1.1(b)(1). The trial court granted a decrease of three levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(b). The trial court then applied an enhancement of two levels for Mr. Kirkeby's aggravating role in the offense, *see* U.S.S.G. § 3B1.1(c), which brought his adjusted offense level to 27. The guideline range for offenses at that level is 70 to 87 months. The trial court sentenced Mr. Kirkeby to 72 months.

## II.

The guidelines have three provisions for enhancements in offense level due to a defendant's aggravating role in an offense. If the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," the offense level is to be enhanced by four levels. *See* U.S.S.G. § 3B1.1(a). If the defendant was "a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive," the offense level is to be enhanced by three levels. *See* U.S.S.G. § 3B1.1(b). If the defendant was "an organizer, leader, manager, or supervisor in any criminal activity other than described [in the previous two sections]," the offense level is to be enhanced by two levels. *See* U.S.S.G. § 3B1.1(c).

■ On appeal, the government argues that since it was undisputed that five or more participants were involved in the criminal activity for which Mr. Kirkeby was convicted, and since the trial court found that *some* enhancement in offense level was merited for Mr. Kirkeby's aggravating role in the offense, the trial court had the option of enhancing Mr. Kirkeby's offense by either three or four levels, *see* U.S.S.G. § 3B1.1(b),

§ 3B1.1(a), but not by two, *see* U.S.S.G. § 3B1.1(c). We agree.

In calculating the enhancement appropriate for Mr. Kirkeby's aggravating role in the offense, the trial court remarked that although the criminal activity at issue might "appear to be a large criminal enterprise within the state of North Dakota," it was the court's view that "when compared to drug conspiracies throughout the United States," the criminal activity in this case was "a relatively small criminal enterprise." The trial court also specifically declared that there was "[n]o question" that five or more participants had been involved in the criminal activity for which Mr. Kirkeby was convicted. Quoting from the background comment to § 3B1.1, the trial court stated, however, that because the criminal activity at issue was a "relatively small ... enterprise[] that [was] not otherwise ... extensive in scope or in planning or ... preparation," § 3B1.1(c) applied.

■ We disagree that the background comment used by the trial court is an adequate basis for applying only a two-level enhancement for an aggravating role in a criminal activity involving five or more participants. We view the background comment as explaining why § 3B1.1(c) allows the same enhancement for organizers, leaders, managers, and supervisors, whereas § 3B1.1(a) and § 3B1.1(b) require different enhancements, depending upon whether the defendant was an organizer or leader (four levels), *see* § 3B1.1(a), or a manager or supervisor (three levels), *see* § 3B1.1(b)—that is, that in smaller criminal enterprises, the distinction between organizers and leaders, on the one hand, and managers and supervisors, on the other, is less clear and less likely to be significant. The description in § 3B1.1(a) and § 3B1.1(b) of the relevant criminal activity as "involv[ing] five or more participants or [being] *otherwise* extensive" (emphasis supplied) leads us to conclude, moreover, that the sentencing guidelines consider any criminal activity with five or more participants to be extensive as a matter of law. *See also United States v. Harry*, 960 F.2d 51, 54 (8th Cir.1992).

■ A trial court's only options in cases involving a criminal activity with five or more

participants are, therefore, a four-level enhancement under § 3B1.1(a), a three-level enhancement under § 3B1.1(b), or no enhancement at all (if the defendant played no aggravating role in the offense). Recent Eighth and Sixth Circuit cases suggest that rule, in fact, by implication. *See United States v. Capps*, 952 F.2d 1026, 1028 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2978, 119 L.Ed.2d 596 (1992), and *United States v. Feinman*, 930 F.2d 495, 500 (6th Cir.1991). *See also United States v. Cotto*, 979 F.2d 921, 923 (2d Cir.1992). We hold, accordingly, that the trial court erred in applying § 3B1.1(c) in the circumstances of this case.

We turn, then, to the question of remand for resentencing. Although it is not completely clear from the transcript of the sentencing hearing, it appears that the trial court in this case felt that Mr. Kirkeby was a manager or supervisor, rather than an organizer or leader. Such a finding would call for a three-level enhancement. *See* U.S.S.G. § 3B1.1(b). (The presentence report suggested a three-level enhancement on that basis, in fact, and Mr. Kirkeby did not object to that portion of the report.) If so, the proper adjusted offense level for Mr. Kirkeby would be 28, and the proper guideline range would be 78 to 97 months. That conclusion does not end our inquiry in this case, however, because Mr. Kirkeby argues that his sentence of 72 months could be thought of as a departure from the prescribed guideline range under 18 U.S.C. § 3553(b). *See also* U.S.S.G. § 5K2.0.

### III.

A trial court may depart downward from a prescribed guideline range if it finds that "there exists ... [a] mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that [prescribed in ordinary circumstances]. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Com-

mission." *See* 18 U.S.C. § 3553(b); *see also* U.S.S.G. § 5K2.0. The essence of Mr. Kirkeby's argument is that the trial court found that such a mitigating circumstance existed in this case, namely, that the acquisition of cocaine by Mr. Kirkeby was only "to feed his own drug habit" and not because he was "in the business of crime." The sentencing guidelines, however, explicitly declare that drug dependence is "not a reason for imposing a sentence below the guidelines." *See* U.S.S.G. § 5H1.4, policy statement. We see no factual basis in the transcript, then, that would justify a departure.

The trial court has already found that Mr. Kirkeby played some aggravating role in a criminal activity that involved five or more participants. In revisiting its calculation of the sentence for Mr. Kirkeby, therefore, we suggest that the trial court be more explicit about what aggravating role Mr. Kirkeby played in the offense and therefore whether the enhancement under § 3B1.1(a) or that under § 3B1.1(b) is appropriate. Contrary to what the dissent suggests, we indicate no "distrust" of the district court in formulating these directions. On the contrary, we respect its finding and apply to it the ordinary rules of issue preclusion.

### IV.

For the reasons stated, we reverse the trial court and remand the case for resentencing.

**HEANEY**, Senior Circuit Judge, concurring and dissenting.

I reluctantly concur in the court's construction of the applicable guidelines, but I dissent from the court's directions on resentencing. Although I feel that this is but another unnecessary restriction of the sentencing judge's discretion, the majority's interpretation of the guideline and its background note is sound. As Judge Newman has indicated and as our court indicates today, the guidelines as presently written leave "the sentencing judge ... only the choice of a three-level enhancement or no enhancement." *United States v. Cotto*, 979 F.2d 921, 923 (2d Cir.1992).

This reduction in judicial discretion is particularly unfortunate because it only further shifts discretion to the prosecution. The enhancement in this case was recommended by the probation officer, but as I have discussed elsewhere, the probation officer makes no independent investigation (beyond interviewing the offender) and therefore relies almost solely on whatever the prosecutor sends over. The prosecutor may or may not choose to push for the enhancement, and her decision is virtually unreviewable. Greater discretion on the part of the sentencing judge, whose discretion is reviewable, would provide greater fairness in the sentencing process.

But not all discretion has been removed. District courts in future cases must choose between a three-level enhancement and no enhancement. Judge Newman states that "[a] judge should be rather confident that such an enhancement is warranted before including it in a sentencing decision," *id.*, and I agree. The sentencing court in this case should, as Kirkeby has asked, be given an opportunity to reexamine the question of whether an enhancement applies. Although the court found that a two-level enhancement applied, it explicitly did not find that a three-level enhancement was appropriate. The court should be given that choice again in light of our construction of the applicable guidelines. I simply cannot understand this reluctance to trust the district court on remand, and I therefore dissent from the court's direction that the sentencing court choose between a three- or four-level enhancement on remand rather than a zero- or three-level enhancement.