39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel MUNOZ-PULIDO, Defendant-Appellant.
 No. 94-50002.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.
Decided Oct. 24, 1994.
 
 1
 Before: FLETCHER and FERNANDEZ, Circuit Judges, and SEDWICK,* District Judge.
 
 
 2
 Joel Munoz-Pulido appealed to us once before. That was after the district court had decided that he was not entitled to a two-point reduction as a minor participant under U.S.S.G. Sec. 3B1.2 (Nov. 1992). It had, however, split the difference and given him a one-point reduction. We held that the court could not play Solomon with Guideline scores and remanded. United States v. Munoz-Pulido, No. 93-50128 (9th Cir. Sept. 20, 1993) (Munoz-Pulido I ). Munoz-Pulido now appeals the sentence imposed upon remand. He basically argues that the district court could not impose a more severe sentence upon remand and that the court clearly erred in finding that he was not a minor participant in the conspiracy to possess with intent to distribute marijuana. We affirm.
 
 
 3
 1. Munoz-Pulido argues that the district court could not decide that he was not entitled to a minor role adjustment. If it did so, he argues, it would interfere with his appeal rights. A concomitant of this argument is that the government could not even suggest the no-reduction result to the district court. We disagree with both of these contentions.
 
 
 4
 First, when we remanded the case we told the district court to make that exact decision. We said that we were remanding for resentencing so that the district court could decide if Munoz-Pulido was "eligible for the two levels ... or whether it would entirely forego a reduction...." Munoz-Pulido I at p. 3. That is the law of the case. See United States v. Caterino, 29 F.3d 1390, 1395 (9th Cir.1994) (law of case doctrine explained). If Munoz-Pulido thought that there should have been a different order at that time, he should have raised it then. He did not.[1]
 
 
 5
 Similarly, it cannot be said that the government had to stand mute on the subject during the new sentencing proceeding. Neither the plea agreement nor the nature of the prior appellate proceedings required that. The government essentially agreed that it would not appeal a role adjustment of two levels or less, and it did not. That is all Munoz-Pulido was entitled to.
 
 
 6
 2. The district court did not commit clear error when it decided, as it did, that Munoz-Pulido was not a minor participant. See United States v. Davis, No. 92-10592, slip op. 11771, 11794-95 (9th Cir. Sept. 29, 1994). Role reductions are reserved for "exceptional circumstances." Id. at 914. The district court properly decided that there was nothing exceptional about this case. Munoz-Pulido used his own car, negotiated for its loading, and then recruited another participant, whom he paid himself. Munoz-Pulido may have been a courier, but that did not automatically make him a minor participant. See United States v. Pinkney, 15 F.3d 825, 828 (9th Cir.1994) (comparison of conduct to that of other participants or to that of the average participant); Ajala v. United States Parole Comm'n, 997 F.2d 651, 656-57 (9th Cir.1993) (courier status does not necessarily mean that a person's role is minor); United States v. Andrus, 925 F.2d 335, 338 (9th Cir.) (merely being less culpable than co-participants does not necessarily result in minor participant status), cert. denied, --- U.S. ----, 112 S.Ct. 249, 116 L.Ed.2d 204 (1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We express no opinion on what the panel would, or should, have decided had the issue been placed before it. But see United States v. Harvey, 2 F.3d 1318, 1330 (3d Cir.1993); United States v. Cotto, 979 F.2d 921, 923-24 (2d Cir.1992)