**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Otoniel Maldonado VALENCIA, Defendant–Appellant.**

No. 94–2355.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1995.

Decided July 27, 1995.

Dennis E. Curtis, Los Angeles, CA, argued (Charles D. Weisselberg, Carrie L. Hempel and Michael J. Brennan, on the brief), for appellant.

Keith W. Reisenauer, Fargo, ND, argued, for appellee.

Before WOLLMAN and M. ARNOLD, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Otoniel Maldonado Valencia (appellant) was charged by superseding indictment with one count of conspiracy to possess with intent to distribute and to distribute cocaine HCl, three counts of distribution of cocaine HCl, and one count of money laundering. Witnesses cooperating with the government gave testimony to the effect that appellant was the California connection for various North Dakota drug dealers. A jury returned guilty verdicts on all counts and appellant was subsequently sentenced by the district

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Division of the District of South Dakota, sitting by designation.

court[1] to 240 months imprisonment. For reversal he asserts error in the district court's admission of a prior conviction under Fed.R.Evid. 609, prosecutorial misconduct,[2] and errors in calculating his sentence. Additional facts will be presented where indicated. For the reasons stated below, we affirm.

## I. CONVICTION

Appellant first contends the district court erred when it admitted, for impeachment purposes, a prior conviction of the appellant for unlawful possession for sale and purchase for sale of a controlled substance. Previously, in its case in chief, the government had offered the prior conviction pursuant to Fed.R.Evid. 404(b).[3] The district court denied the use of the previous conviction during the government's case in chief, finding that the balancing required under Fed.R.Evid. 403 militated against admission. Anticipating that the issue would likely arise later in the proceedings, the district court noted that

I'm going to exclude this evidence in the government's case in chief as it is observed under 404(b) and my reasoning again is under 403 and I find within my judgment and my discretion that I believe this evidence, though it may be relevant, is highly prejudicial and this unfair prejudice substantially outweighs any probative value of the evidence as it is observed. Now as I've indicated this ruling applies to the offer of the evidence under 404(b). My ruling under 609 at least as the facts of

this case presently stand would be different. . . .

Later in the trial the appellant testified in his own defense. On direct examination he admitted that he had a prior conviction for the possession of a controlled substance. On cross examination, the government offered a certified copy of the appellant's prior conviction. The government believed the appellant attempted to "explain away or minimize his guilt on the prior conviction" on direct examination. Over the appellant's objection,[4] the copy of the prior conviction was admitted under Fed.R.Evid. 609 for impeachment purposes.[5]

■ Whether evidence of a prior conviction should be admitted is left to the discretion of the trial court. *United States v. Swanson*, 9 F.3d 1354, 1356 (8th Cir.1993) (citing *United States v. Reeves*, 730 F.2d 1189, 1196 (8th Cir.1984)). The standard of review on appeal is an abuse of discretion standard. *Swanson*, 9 F.3d at 1356.

■ The admission of prior bad acts evidence under Rule 404(b) is restricted by Rule 403 which states that otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The appellant contends that Rule 609(a)'s internalized balancing test is stricter in terms of admissibility in that a prior conviction is not admissible against the accused for impeachment purposes unless the probative value of the evidence outweighs its prejudicial effect. Appellant's argument is that after finding that

1. Honorable Rodney S. Webb, United States District Court Judge for the District of North Dakota.

2. We have fully considered appellant's arguments, raised for the first time on appeal, relating to alleged prosecutorial misconduct and find them without merit. Therefore the only issue that will be discussed regarding appellant's conviction is the district court's admission of his prior conviction.

3. Fed.R.Evid. 404(b) provides in pertinent part: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

It is not clear what specific "other purposes" the government was asserting as a basis for admission of the prior conviction.

4. As opposed to his current argument under Fed. R.Evid. 609, it appears that appellant's objection at trial was that the copy of his prior conviction was cumulative in that he had previously testified to the same.

5. As it relates to witnesses accused of a crime, Rule 609(a) states:

For the purpose of attacking the credibility of a witness, . . . evidence that an accused has been convicted of [a felony] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

the prejudice of the prior conviction *substantially* outweighed the probative value under 404(b), the district court abused its discretion in admitting the same evidence under Rule 609, where it would be excluded if the prejudice *merely* outweighed its probative effect. We disagree.

█ First, it should be noted that we are not confronted with the district court's rulings in combination. No party has appealed the district court's Rule 404(b) decision excluding the prior conviction during the government's case in chief. Each ruling must be treated independently, divorced from prior rulings. We are faced solely with the ruling regarding whether the district court erred in admitting appellant's prior conviction for impeachment purposes under Rule 609. The appellant has offered no authority, and we have discovered none, which indicates that a ruling under 404(b) governs a decision or forecloses analysis in a later-presented Rule 609 question.

█ This lack of support for appellant's position is not surprising in that the respective rules operate in two completely different situations. In a criminal setting, evidence offered under Rule 404(b) is substantive evidence against the accused, i.e., it is part of the government's case offered to prove his guilt beyond a reasonable doubt. Rule 609 evidence on the other hand has to do with the accused's ability to tell the truth when testifying on his or her own behalf. While both rules speak of "probative value" and "prejudice," it is critical to note that evidence offered under the respective rules is probative as to different matters. The probative character of evidence under Rule 609 has to do with credibility of a witness, while 404(b) "probativeness" essentially goes to the question of whether or not the accused committed the crime charged. Any similarity or overlap in the standards of admissibility under the respective rules is irrelevant because the rules apply to completely distinct situations.

█ Having found the district court's earlier ruling under Rule 404(b) irrelevant in terms of the subsequent ruling under Rule 609, we turn to the specific ruling appealed. When he testified on direct examination, the appellant admitted that he had a prior conviction for possession of cocaine, but attempted to minimize his guilt regarding the prior conviction.[6] The government thereafter properly cross-examined the appellant in an effort to clarify the facts of the prior conviction and impeach his direct testimony. This cross-examination included the offer and receipt into evidence of a certified copy of the appellant's prior conviction. The appellant in effect opened the door for the government's cross-examination by attempting to explain away or minimize his guilt. *Swanson*, 9 F.3d at 1357 (citing *United States v. Amahia*, 825 F.2d 177, 180 (8th Cir.1987)). Viewing the entire record before us, we cannot say that the prior conviction had no bearing on the case or that the district court abused its discretion in admitting the same. *United States v. Sykes*, 977 F.2d 1242, 1246 (8th Cir.1992).[7]

## II. SENTENCE

### A. Role in the Offense

█ Following his conviction, appellant was sentenced to 240 months imprisonment. The sentence reflected a four level enhancement of appellant's offense level under U.S.S.G. § 3B1.1(a). The enhancement was based on the district court's determination that the appellant played an aggravating role as an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Appellant argues that a cooperating government witness, Lee Talkington, was the leader of the conspiracy and therefore the enhancement was not justified by the evidence presented at trial. A district court's determination of a participant's role in the offense is a factual finding

---

6. Appellant testified to the effect that he was arrested and pled guilty to the possession charge, but the cocaine actually belonged to someone else.

7. This conclusion is strengthened by the fact that the district court gave the jury a clear cautionary instruction that it could not consider the evi-

dence of the prior conviction in determining whether the defendant committed the act charged in the indictment. The court instructed that the jury may only use the evidence of the prior conviction "to help you decide whether to believe his testimony and how much weight to give it."

that is reviewed for clear error. *United States v. Johnson,* 47 F.3d 272, 277 (8th Cir.1995) (citing *United States v. Maxwell,* 25 F.3d 1389, 1399 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 610, 130 L.Ed.2d 519 (1994)).

When a criminal activity involves five or more participants,[8] a district court's only options under the guidelines are a four level enhancement (defendant as an organizer or leader), a three level enhancement (defendant as a manager or supervisor, but not an organizer or leader), or no enhancement if the defendant played no aggravating role in the criminal activity. *United States v. Kirkeby,* 11 F.3d 777, 778–779 (8th Cir.1993). Appellant argues that the district court erred in that he should have been characterized as a mere manager or supervisor of the criminal activity with an attending three level enhancement. We disagree.

Application notes following U.S.S.G. § 3B1.1 indicate that the factors to be considered in distinguishing a leadership and organizational role from one of mere management or supervision include:

> [T]he nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

A review of the entire record leads us to the conclusion that the district court committed no error in enhancing appellant's sentence by four levels. Talkington and a number of other government witnesses testified to the leadership role played by the appellant. The evidence presented indicated the appellant was the sole supplier of cocaine involved in the conspiracy in this case. Evidence further indicated the appellant controlled important aspects of the conspiracy including what drugs would be sold, where the drugs would be distributed, what quantities of the drugs would be distributed and determined the price. Of the three major drug transactions giving rise to appellant's

charges, North Dakota participants were made to travel to California to meet the appellant, and on each occasion appellant determined where and when the transaction would take place, as well as the quantity of cocaine conveyed. The district court correctly recognized appellant's leadership role in the criminal activity and did not err in assigning a four level enhancement for the same.

### B. Amount of Cocaine

In arriving at Appellant's 240 month sentence, the district court determined the appropriate base offense level to be 30, reflecting appellant's involvement in at least three and a half kilograms but less than five kilograms of cocaine. *See* U.S.S.G. § 2D1.1(c)(5). For the first time on appeal appellant argues that the district court erred in its determination of the amount of cocaine involved. Reviewing the entire record before us, we cannot say the district court erred in its determination.

### III. CONCLUSION

Accordingly, we affirm the appellant's conviction and sentence.

---

8. The record is clear that at least five people were involved in the drug transactions at issue and appellant does not challenge the number of people known to be involved in the charged criminal activity.