_____

No. 95-2789

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   Northern District of Iowa.
Josef Hofmann,                      *        [UNPUBLISHED]
                                    *
          Appellant.                *

_____

          Submitted:  March 29, 1996

             Filed:  April 4, 1996

_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.


     Josef Hofmann appeals his conviction for being a felon in possession
of a firearm, in violation of 18 U.S.C. § 922(g), and the resulting 120-
month sentence he received, following a jury trial before the district
court.[1]  We affirm.


     Hofmann argues that the district court abused its discretion when it
allowed the government to reject his proffered stipulation as to his felon
status, and instead offered Hofmann the choice of either stipulating that
he had three prior felony convictions, or allowing the government to prove
the three prior felonies.  He argues that this court should overrule its
precedent and adopt the reasoning of United States v. Tavares, 21 F.3d 1,
5 (1st Cir. 1994) (en banc), in which, Hofmann argues, the First Circuit
held that the government is required in a section 922(g) case to accept a
defense stipulation as to a defendant's prior felony conviction.


_____

     [1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.

We do not agree with Hofmann's reading of <u>Tavares</u>; in any event, Hofmann's argument regarding the admission of his three prior felony convictions is foreclosed by Eighth Circuit precedent, which this panel is not free to overrule.  <u>See, e.g.</u>, <u>United States v. Garner</u>, 32 F.3d 1305, 1311-12 (8th Cir. 1994) (government not bound by defendant's offer to stipulate as to felony status in § 922(g) case, and may introduce evidence of more than one conviction; rejecting request to reconsider circuit precedent on felony-status issue), <u>cert. denied</u>, 115 S. Ct. 1366 (1995). Thus, the district court did not abuse its discretion when it gave Hofmann the choice of stipulating to his prior felonies, or allowing the government to prove them.

Counsel raises four additional issues pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).  First, counsel argues the district court erroneously denied his motion to bifurcate the jury's consideration of the "possession" element of the crime from the "felony" element.  We reject this argument.  <u>See</u> <u>United States v. Milton</u>, 52 F.3d 78, 80-81 (4th Cir.) (collecting cases and agreeing with five other circuits rejecting idea that "felony" and "possession" elements of § 922(g) prosecution can be considered separately by jury), <u>cert. denied</u>, 116 S. Ct. 222 (1995).

Counsel argues next that the district court abused its discretion in allowing the government to impeach Hofmann with evidence of a 1994 marijuana-possession conviction.  We disagree.  Hofmann testified on direct examination about the conviction, and the district court properly conducted the balancing test required by Federal Rule of Evidence 609 before allowing the government to impeach Hofmann.  (Trial Tr. Vol. II at 242-44.)  <u>See</u> Fed. R. Evid. 609(a)(1); <u>United States v. Valencia</u>, 61 F.3d 616, 618-19 (8th Cir. 1995).

Counsel also argues that the district court erred in determining that Hofmann's two prior burglary convictions were

"crimes of violence" under U.S.S.G. § 2K2.1, thus triggering a base offense level of 24. This argument also fails, as both of the prior convictions were for burglarizing a dwelling. See U.S.S.G. § 2K2.1 comment. (n.5) ("crime of violence" defined by U.S.S.G. § 4B1.2); U.S.S.G. § 4B1.2(1)(ii) ("crime of violence" includes "burglary of a dwelling"); United States v. Ghent, 29 F.3d 416, 417-18 (8th Cir. 1994).

Finally, counsel argues the district court erred in denying Hofmann an acceptance-of-responsibility reduction. We conclude that the court did not clearly err in denying the reduction, because Hofmann maintained at trial that he did not knowingly possess the gun at issue. See U.S.S.G. § 3E1.1(a) & comment. (n.2) (adjustment not intended to apply to defendant who puts government to proof at trial by denying factual elements of guilt, then admits guilt and expresses remorse after conviction); United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc) (clear-error review), cert. denied, 113 S. Ct. 2353 (1993).

We have carefully reviewed the record to determine whether any other nonfrivolous issues exist, in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no such issues.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.