**UNITED STATES of America,**
**Appellee,**

v.

**Liddy MOYA, a/k/a Beatrice Ruguiero,**
**Luis A. Ibarra, Defendants–**
**Appellants.**

**Nos. 05–2432–cr(L), 05–3591–cr(con).**

United States Court of Appeals,
Second Circuit.

April 30, 2008.

---

John A. Cirando, Kelly C. Murray, Robert H. Middlemiss, Syracuse, NY, for Defendant–Appellant Moya. Julie A. Clark, Brooklyn, NY, for Defendant–Appellant Ibarra.

Michael J. Garcia, United States Attorney for the Southern District of New York, Neil M. Barofsky, Marc P. Berger, Marc O. Litt, Assistant United States Attorneys, New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Liddy Moya appeals from a judgment sentencing her principally to a term of imprisonment of 210 months. Moya pleaded guilty to a two-count indictment charging her with drug conspiracies in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, 960(b)(1)(A), and 963. She appeals her sentence only.

Defendant–Appellant Luis A. Ibarra pleaded guilty to one count of the same indictment and was sentenced to 262 months' imprisonment. His attorney has filed a motion, pursuant to *Anders v. California,* to withdraw as counsel, to which Ibarra responded *pro se.* The government has moved for summary affirmance of his conviction.

We assume the parties' familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

### I

We decline to address the merits of Moya's claim that she received ineffective assistance of counsel at sentencing. The facts relevant to the ineffectiveness claim are best developed in collateral habeas proceedings under 28 U.S.C. § 2255, should Moya wish to institute them. *See United States v. Doe,* 365 F.3d 150, 152–55 (2d Cir.2004); *see also Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Accordingly, we dismiss Moya's ineffective-assistance claim without prejudice to her ability to pursue it by means of a section 2255 motion properly filed in district court. *See United States v. Cimino,* 381 F.3d 124, 130 (2d Cir.2004).

### II

The district court did not commit clear error in finding that the quantity of heroin

attributable to Moya was greater than ten kilograms. *See United States v. Prince*, 110 F.3d 921, 924–25 (2d Cir.), *cert. denied*, 522 U.S. 872, 118 S.Ct. 188, 139 L.Ed.2d 127 (1997). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1 application note 12. "In making such an estimate, the court has broad discretion to consider all relevant information. . . ." *United States v. Blount*, 291 F.3d 201, 215 (2d Cir.2002), *cert. denied*, 537 U.S. 1141, 123 S.Ct. 938, 154 L.Ed.2d 838 (2003).

■ Here, the district court found by a preponderance of the evidence that Moya was directly involved in all three heroin-smuggling trips taken by Osuna and the first trip taken by Ruiz. Federal officials seized 3.975 kilograms of heroin from Osuna during her last trip (and 1.893 kilograms from Ruiz). The district court estimated that Osuna carried approximately the same amount of heroin on all three trips. In light of the evidence in the record that all three trips involved similar practices and the same delivery method, we think the district court's approximation was a reasonable one. *See Prince*, 110 F.3d at 925.

### III

The district court erred in imposing a two-level enhancement for Moya's aggravating role in the offense. Section 3B1.1 of the United States Sentencing Guidelines directs the district court to increase the offense level by four if the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," U.S.S.G. § 3B1.1(a); by three levels if the defendant "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more partici-

pants or was otherwise extensive," *id.* § 3B1.1(b); and by two levels if the defendant "was an organizer, leader, manager, or supervisor in any criminal activity other than described in [subsections] (a) or (b)," *id.* § 3B1.1(c). Consequently, where—as here—the defendant challenges the government's assertion that she is a manager or supervisor but it is undisputed that the criminal activity involved five or more participants, the district court in deciding the offense level must choose between a three-level enhancement and no enhancement at all. *United States v. Cotto*, 979 F.2d 921, 923 (2d Cir.1992).

■ In this case, the district court increased the offense level by two because Moya's role in the offense did not "come[ ] up to quite [that of] an organizer or manager, but . . . was more substantial than just [that of] a minor functionary." Sentencing Tr. dated May 3, 2005, at 52. But we have not accepted "compromise outcome[s]" under U.S.S.G. § 3B1.1; "the sentencing judge . . . had only the choice of a three-level enhancement or no enhancement." *Cotto*, 979 F.2d at 923. We therefore conclude that Moya's sentence is procedurally unreasonable because the district court improperly calculated the Guidelines range. *See Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

On remand, the district court must make "specific factual findings" as to Moya's role in the offense in accordance with section 3B1.1. *United States v. Stevens*, 985 F.2d 1175, 1184 (2d Cir.1993). Of course, *after* calculating the correct Guidelines range, the district court has discretion to vary from that range pursuant to 18 U.S.C. § 3553(a). *Gall*, 128 S.Ct. at 596–97. While U.S.S.G. § 3B1.1 allows no compromise, the same cannot be said of 18 U.S.C. 3553(a). If the district court, treating the Guidelines as advisory, concludes that a

non-Guidelines sentence equivalent to the sentence it previously imposed is warranted, and provides the proper support, we might well find it to be reasonable. *See id.* at 591, 600–02 (describing deferential abuse-of-discretion standard for non-Guidelines sentences). But because we do not know whether the district court would have imposed the same sentence had it calculated the correct Guidelines range, we remand for resentencing. *See United States v. Guang,* 511 F.3d 110, 126 (2d Cir.2007).

## IV

We have considered Moya's remaining arguments as to procedural error and find them to be without merit. *See United States v. Fernandez,* 443 F.3d 19, 34–35 (2d Cir.) (holding that "in the absence of record evidence suggesting the contrary, we entertain a strong presumption that a sentencing judge has taken properly presented arguments into account and considered all the § 3553(a) factors in the course of imposing a sentence"), *cert. denied,* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006).

## V

As to Defendant–Appellant Ibarra, we have reviewed his attorney's *Anders* motion, her brief in support of it, Ibarra's response to it *pro se,* and the government's motion for summary affirmance. We agree with his attorney and the government that there are no non-frivolous issues that could be raised on appeal. We therefore grant both motions.

\* \* \*

For the foregoing reasons, the judgment of the district court as to Defendant–Ap-

pellant Moya is hereby VACATED and REMANDED for resentencing. Ms. Clark's motion to withdraw from representation of Defendant–Appellant Ibarra is GRANTED, and the government's motion for summary affirmance of Ibarra's judgment of conviction is GRANTED.