51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory RHODES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1914.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 1
 Before: MERRITT, Chief Judge; SILER, Circuit Judge, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Gregory Rhodes, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In November 1991, Rhodes pleaded guilty to conspiring to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. Secs. 846 and 841(a)(1). In exchange for the plea, the government dismissed two other charges. Thereafter, the district court denied Rhodes's motion to set aside his guilty plea, and he was sentenced to 292 months of imprisonment. A panel of this court affirmed Rhodes's conviction and sentence on appeal.
 
 
 4
 In his motion to vacate sentence, Rhodes argued that: 1) the district court improperly sentenced him as a career offender; and 2) counsel rendered ineffective assistance when he did not challenge the district court's determination that he was a career offender on appeal. The district court denied the motion as without merit.
 
 
 5
 Rhodes has filed a timely appeal, reasserting his same claims. He moves the court to grant him permission to proceed in forma pauperis and to remand the case for an evidentiary hearing.
 
 
 6
 Upon review, we conclude that the district court properly denied Rhodes's Sec. 2255 motion to vacate as he has not shown a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 7
 Rhodes has waived his right to raise his first claim because he did not raise it in his direct appeal. Claims that could have been but were not raised on direct appeal may not be asserted in a Sec. 2255 motion, unless the defendant demonstrates cause and prejudice to excuse his failure to raise the issues in his direct appeal. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Rhodes has waived his right to raise this claim because he did not raise it in his direct appeal. Rhodes has also not established cause for his failure to raise this claim on appeal, and a review of the record establishes that Rhodes has suffered no prejudice because this issue is without merit. Rhodes's presentence investigation report establishes that he has three prior convictions that constitute crimes of violence or controlled substances offenses. See USSG Sec. 4B1.2, comment (n. 1). Thus, he was properly sentenced as a career offender. See 18 U.S.C. Sec. 924(h); United States v. Garza, 999 F.2d 1048, 1050 (6th Cir.1993).
 
 
 8
 Rhodes's second claim is without merit. Counsel was not ineffective for not challenging the district court's determination that Rhodes was a career offender on appeal as this argument is clearly frivolous. See Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986).
 
 
 9
 Accordingly, we hereby grant Rhodes's motion to proceed as a pauper for the limited purpose of this appeal, deny the motion to remand, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation