_____

Nos. 95-2264/2374
_____

United States of America,        *
                                    *
     Cross-Appellant/Appellee,    *
                                    *  Appeal from the United States
     v.                         *  District Court for the Northern
                                    *  District of Iowa.
Ivy Nelson Fountain,        *
                                    *
     Appellant/Cross-Appellee.    *
                          _____

Submitted:  December 15, 1995

Filed:  May 1, 1996
_____

Before McMILLIAN and BEAM, Circuit Judges, and PERRY, District Judge.[*]
_____

BEAM, Circuit Judge.


Ivy Nelson Fountain appeals his conviction for two counts of knowingly distributing cocaine base within 1000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). The government cross appeals Fountain's sentence, challenging the district court's application of Amendment 506 to the United States Sentencing Guidelines (USSG or Guidelines) section 4B1.1 in connection with Fountain's sentencing as a "career offender." The government contends that the Sentencing Commission exceeded its authority in enacting the amendment which now defines the phrase "Offense Statutory Maximum." The government claims the amendment conflicts with the statutory mandate of 28 U.S.C. § 994(h). We affirm the conviction but vacate the sentence and remand for resentencing.

_____

[*]The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri, sitting by designation.

**I. BACKGROUND**

Fountain was charged with two counts of distribution of cocaine base within 1000 feet of a school. He entered a plea of not guilty to the charges and the action proceeded to trial. The government's proof at trial consisted largely of an informant's testimony and of recorded conversations between Fountain and the informant. The evidence showed Fountain sold five grams of cocaine base. The jury returned a verdict of guilty.

Over Fountain's objection, the government sought an enhanced statutory penalty based on Fountain's criminal record.[1] The government contended, however, that a recent amendment to the Sentencing Guidelines should not be applied to calculate Fountain's career offender sentence because the Sentencing Commission had exceeded its authority in enacting the amendment.

Section 4B1.1 of the Guidelines provides a method for determining the guideline sentencing range for career offenders. The sentencing range under section 4B1.1 is calculated with reference to a table that provides an offense level for a given

---

[1]Fountain's prior record includes charges of: theft of clothing from Montgomery Ward in 1979; theft of a straw hat worth $1.59 from a convenience store in 1979; bribery of a police officer with $35.00 to drop the straw hat charge in 1979; burglary of a garage, discussed infra at 6-7, in 1980; robbery in 1983; possession of cocaine with intent to deliver in 1988; fourth degree theft in 1989; no trout stamp in 1989; driving with a suspended license in 1989; driving without a license in 1989; domestic abuse in 1990; operating a motor vehicle while intoxicated in 1990; fifth degree theft (failure to pay a $99.00 hotel bill) in 1992; possession of marijuana in 1992; driving with a suspended license in 1993; simple assault in 1993 (aiming a starter pistol at victim's head); and assault with injury in 1993 (traffic altercation--charge later dismissed).

"Offense Statutory Maximum."[2]  The "Offense Statutory Maximum" is determined by the statute under which a defendant is convicted.  For example, in this case, Fountain was convicted under 21 U.S.C. § 841 which provides a statutory sentencing range of five to forty years for distribution of five or more grams of cocaine base and ten years to life for repeat offenders.  21 U.S.C. §§ 841(a) & 841(b)(1)(B).  Therefore, section 841 provides two "Offense Statutory Maximum" sentences--forty years for distribution and life for repeat offenders.  In other words, there is a recidivist enhancement built into section 841.

A recent amendment to the Guidelines commentary states that "Offense Statutory Maximum" in section 4B1.1 means only the unenhanced maximum term.[3]  The government contends that the Sentencing Commission is without power to enact the provision because it conflicts with the statutory mandate presented in 28 U.S.C. § 994(h), the Guidelines enabling statute.[4] The issue presented here is whether to use the five-to-forty-years figure (unenhanced) or the ten-years-to-life figure (enhanced) in section

---

[2]USSG § 4B1.1 provides: [table]

| Offense Statutory Maximum | Offense Level |
| --- | --- |
| (A) Life | 37 |
| (B) 25 years or more | 34 |
| (C) 20 to 25 years | 32 |
| (D) 15 to 20 years | 29 |

[3]The amendment states: "`Offense Statutory Maximum,' for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction . . . not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record."  USSG § 4B1.1 comment. (n.2) (Nov. 1995).

[4]Congress directs the Sentencing Commission to assure that the Guidelines specify a term of imprisonment "at or near the maximum term authorized" for an adult defendant convicted of a violent crime or felony drug offense who has at least two prior such convictions.  28 U.S.C. section 994(h).

841 as the "Offense Statutory Maximum." Use of the unenhanced figure results in a sentencing level of 34 (with a sentencing range of 262 to 327 months) whereas use of the enhanced figure results in a sentencing level of 37 (with a sentencing range of 360 months to life). In practical terms, the difference is an increase in Fountain's sentence of more than eight years.

The district court found that Fountain had the requisite predicate offenses and sentenced him as a repeat offender, but rejected the government's contention that the enhanced figure should be used as Fountain's "Offense Statutory Maximum." United States v. Fountain, 885 F. Supp. 185 (N.D. Iowa 1995). Accordingly, the district court used the forty-year figure. Fountain was sentenced to two concurrent terms of 262 months (21 years and eight months) (base offense level 34, criminal history category VI).

On appeal, Fountain contends that: (1) the district court erred in admission of the recorded conversations; (2) the Government committed a Brady violation; and (3) he should not have been sentenced as a career offender. On cross appeal, the government challenges the district court's application of the recent amendment, contending that Fountain should have been sentenced under the higher, enhanced "Offense Statutory Maximum."

## II. DISCUSSION

### A. Admission of Tape Recordings

Fountain first argues that the trial court erred when it admitted transcripts of taped conversations. He contends that the recordings were incomplete and inaudible. A district court has broad discretion in ruling on the admissibility of proffered evidence. Dillon v. Nissan Motor Co., 986 F.2d 263, 270 (8th Cir. 1993). Accordingly, we will not disturb a district court's

evidentiary ruling absent a clear and prejudicial abuse of that discretion. <u>Id.</u>  We have reviewed the transcript and find adequate foundation for admission of the tapes.

### B.  <u>Brady</u> Violation

Fountain contends that the government failed to disclose exculpatory evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Specifically, he alleges that the government did not disclose a material inconsistency between the testimony of Officer Fessler, who testified to the Grand Jury that the transaction at issue took place in plain view, and that of Fessler's partner, Officer Parker, who testified at trial that the transaction took place inside the apartment and could not be viewed by either officer.

Fountain did not raise this issue at trial.  Where an appellant has not properly preserved an issue for review, this court reviews only for plain error.  <u>United States v. Swanson</u>, 9 F.3d 1354, 1356 (8th Cir. 1993). Under plain error review, an error not identified by a contemporaneous objection is grounds for reversal only if the error prejudices the substantial rights of the defendant and would result in a miscarriage of justice if left uncorrected.  <u>Id.</u> at 1356-57.  Plain error has been described by the Supreme Court as "obvious, or . . . otherwise seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings."  <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936); <u>see also</u> <u>Phillips v. Parke, Davis & Co.</u>, 869 F.2d 407, 409 (8th Cir. 1989).

In the present case, we are hard pressed to find any error, much less plain error.  The government asserts that it turned over its discovery file to Fountain and he does not dispute that assertion.  Fountain contends nonetheless that the Government failed to "disclose" an inconsistency in the two officers'

testimony, that is, that it did not highlight the inconsistencies to defense counsel. The government has no such duty. Moreover, the inconsistency was apparently discerned by defense counsel and was the subject of extensive cross-examination. Accordingly, we find no Brady violation.

### C. Fountain as Career Offender

Fountain challenges the district court's finding that he is a career offender. A defendant is regarded as a career offender if: (1) he was at least eighteen years old at the time of the offense of conviction; (2) that offense is a crime of violence or a drug-related felony; and (3) and he has two prior convictions for drug felonies or crimes of violence. USSG § 4B1.1. We review the district court's application of the Guidelines de novo. United States v. Gullickson, 981 F.2d 344, 346 (8th Cir. 1992).

Fountain contends that a 1981 burglary conviction and a 1989 drug conviction should not have been counted as predicate offenses under the Guidelines. Specifically, he first claims that the burglary should not count as a "crime of violence" under the Guidelines because he burglarized a garage, not a dwelling. A crime of violence is defined in the Guidelines as:

> (1) any offense under federal or state law punishable by imprisonment for a term exceeding one year that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (ii) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2.

As indicated, Fountain was convicted of burglarizing a garage. The burglary in question was in progress when interrupted by the homeowner, an off-duty police officer. Fountain and his accomplice were armed with a loaded revolver, which was pointed at the officer/homeowner. The officer/homeowner then fired his weapon at the burglars and they fled. Under the circumstances, we have no difficulty finding that the incident "otherwise involves conduct that presents a serious potential risk of physical injury to another." See United States v. Hascall, 76 F.3d 902, 904 (8th Cir. 1996) (second-degree burglary of a commercial building qualifies as a crime of violence under section 4B1.2); see also United States v. Cornelius, 931 F.2d 490, 493 (8th Cir. 1991) (use of a weapon signifies a crime of violence).

Fountain next contends that his 1989 guilty plea to a drug charge was not voluntary because he was not informed that the felony conviction could later be used to enhance a sentence. A court is not required to inform a defendant of the possibility of being sentenced as a recidivist for a plea to be valid. See Nichols v. United States, 114 S. Ct. 1921, 1928 (1994) (rejecting contention that a misdemeanor defendant be informed); see also Thomas v. United States, 27 F.3d 321, 326 (8th Cir. 1994) (district court's failure to inform defendant of possible enhancement does not invalidate guilty plea).

**D. Application of Amendment 506 - Career Offender/Offense Statutory Maximum**

The government's assertion that the Sentencing Commission lacks authority to enact Amendment 506 is premised on the argument that the amendment is inconsistent with 28 U.S.C. § 994(h). This appeal presents a case of first impression in this Circuit. There is now a split of authority among other circuits on the validity of the amendment. Compare United States v. Hernandez, 1996 WL 116360 (7th Cir. Mar. 18, 1996), petition for cert. filed, ___ U.S.L.W.

___ (U.S. April 1, 1996) (No. 95-8469); United States v. Novey, 1996 WL 115326 (10th Cir. Mar. 15, 1996) (finding the amendment invalid) with United States v. Dunn, 1996 WL 162434 (9th Cir. Apr. 9, 1996); United States v. LaBonte, 70 F.3d 1396 (1st Cir. 1995) (finding the amendment a reasonable interpretation of an ambiguous statute).  We agree with the Seventh and Tenth Circuits that the amendment is inconsistent with the statute and is, therefore, invalid.

Prior to the amendment, application note 2 to section 4B1.1 of the Guidelines stated only that "Offense Statutory Maximum" referred to "the maximum term of imprisonment authorized for the offense of conviction." USSG § 4B1.1, comment. (n.2) (1993).  Courts addressing the issue uniformly held that, where a statute, such as 21 U.S.C. § 841, provides for an enhanced penalty based on a defendant's prior criminal record, "Offense Statutory Maximum" meant the enhanced statutory maximum.[5]  See United States v. Sanchez, 988 F.2d 1384, 1394-97 (5th Cir.), cert. denied, 114 S. Ct. 217 (1993); United States v. Smith, 984 F.2d 1084, 1086-87 (10th Cir.), cert. denied, 114 S. Ct. 204 (1993); United States v. Saunders, 973 F.2d 1354, 1364 (7th Cir. 1992), cert. denied, 506 U.S. 1070 (1993); United States v. Garrett, 959 F.2d 1005, 1009-11 (D.C. Cir. 1992); United States v. Amis, 926 F.2d 328, 329-30 (3d Cir. 1991); United States v. Sanchez-Lopez, 879 F.2d 541, 558-60 (9th Cir. 1989).  These courts acknowledged that the provision effectively punished recidivists twice: first to enhance the defendant's criminal history category and again to increase the defendant's offense level, but found that result consistent with Congress's desire to sentence career offenders at or near the

---

[5]For example, prior to the amendment, if a person sentenced under 21 U.S.C. § 841(b) was shown to have the requisite criminal history for an enhanced sentence, the "Offense Statutory Maximum" would be the enhanced sentence, and the applicable sentencing range under section 4B1.1 would be found using that higher "Offense Statutory Maximum."

maximum.  <u>See</u>, <u>e.g.</u>, <u>Smith</u>, 984 F.2d at 1087.  Significantly, most of these courts construed not the guideline, but the statute.  <u>See</u> <u>Sanchez</u>, 988 F.2d at 1396; <u>Smith</u>, 984 F.2d at 1087; <u>Garrett</u>, 959 F.2d at 1010; <u>Sanchez-Lopez</u>, 879 F.2d at 559.

Through Amendment 506, the Commission added language to application note 2 of section 4B1.1.  The challenged amendment now defines the term "Offense Statutory Maximum" in section 4B1.1 to mean the statutory maximum prior to any enhancement based on a prior criminal record.  USSG § 4B1.1, comment. (n.2) (1995).  The purpose of the rule is to avoid unwarranted sentencing disparities.  <u>Id.</u>, comment. (backg'd.).  Accordingly, the Commission contends that "Offense Statutory Maximum" under section 4B1.1 "refers to the maximum term of imprisonment authorized for the offense of conviction . . . not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record."  <u>Id.</u>, comment. (n.2).  Thus, "where the statutory maximum term . . . is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the `Offense Statutory Maximum' for the purposes of this Guideline is twenty years and not thirty years."[6]  <u>Id.</u>

Commentary in the Guidelines Manual "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  <u>Stinson v. United States</u>, 508 U.S. 36, 38 (1993).  It is beyond dispute that when a statute and a guideline conflict, the statute controls.  <u>United States v. Stoneking</u>, 60 F.3d 399, 402 (8th Cir. 1995) (en banc) ("[t]he Sentencing Commission cannot override Congress"), <u>cert.</u>

---

[6]This example is on all fours with Fountain's situation except that Fountain's "Offense Statutory Maximum" increases from forty years to life.

denied, 116 S. Ct. 926 (1996).  Our task, then, is to determine whether the statute and the amendment conflict.

Based upon the plain language of section 994(h), we conclude that the amendment conflicts with the statute and is therefore invalid.  See Hernandez, 1996 WL 116360 at *12-13; Novey, 1996 WL 115326 at *3.  Section 994(h) requires that "[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older" and has been convicted of a crime of violence or enumerated drug offense and has at least two prior such convictions.  28 U.S.C. § 994(h).

The controverted language is the phrase "at or near the maximum term authorized."  The question becomes the maximum term of what--the enhanced sentence or the unenhanced sentence?  The First Circuit found ambiguity in both the terms "at or near" and "maximum term authorized."  LaBonte, 70 F.3d at 1405, 1409.  It then determined that the Sentencing Commission was due the deference afforded an agency interpreting its own regulations and found the amendment a reasonable interpretation of the vague and ambiguous language of section 994(h).[7]  Id. at 1404, n.8.  We disagree.

---

[7]Because the plain language of the statute is not ambiguous, we need not decide the degree of deference, if any, owed to the Sentencing Commission's interpretation of an ambiguous statute.  AS indicated above, the First Circuit, finding the language of section 994(h) to be ambiguous, recently concluded that the Commission's interpretation is entitled to deference.  LaBonte, 70 F.3d at 1403-04 (applying two-step analysis of Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984) traditionally applied to review construction that a federal executive agency has placed on a statute it is charged with administering).  We, too, have applied Chevron in Guideline cases.  See, e.g., United States v. Galloway, 976 F.2d 414, 420-21 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 974 (1993).  The Supreme Court, although acknowledging that "the Commission's expertise . . . may be of potential weight and relevance" in some contexts, has thus far declined to decide what deference is owed to the Commission.  Neal v. United States, 116 S. Ct. 763, 766-68 (1996); Hernandez, 1996 WL 116360 at *6.  It thus appears that there may be continuing validity to criticism of reliance on Chevron in the context of the

There is no ambiguity in the directive contained in section 994(h). It is clear to us that the crucial word in the statute is "category" and that the meaning of the rest of the language cannot be discerned without knowing the "category" of defendants to which the statute refers. Following the phrase containing the word "category" are listed types of defendants: (1) eighteen years of age or older; (2) violent felons; (3) drug felons; (4) with two such prior convictions. 28 U.S.C. § 994(h). The listed characteristics modify or define the word "category."

The "category" referred to is thus the recidivist or repeat offender category. In our view, the statute is a recidivist statute clearly aimed at the category of adult repeat violent felons and adult repeat drug felons. See Hernandez, 1996 WL 116360 at *13 (the meaning of "categories" derives from the types of convictions that bring defendants within the purview of the statute). Because the "maximum term authorized" for categories of recidivist defendants is necessarily the enhanced statutory maximum, there is no ambiguity in the statute.[8] Novey, 1996 WL 115326 at *3. The Commission's interpretation can stand only under the reasoning that "category" refers to only those offenders

---

interplay between the guidelines and statutory interpretation. See Galloway, 976 F.2d at 434-35 (Beam, J., dissenting); Cf. Smith v. United States, 508 U.S. 223, 231 (1993) (expressing doubt that Sentencing Guidelines are relevant to construction of a federal criminal statute).

[8]Further support for this conclusion is found in the context of another subsection of section 994. Subsection (i) directs the Commission to "assure that the guidelines specify a substantial term of imprisonment" to several categories of defendants with prior felony convictions--not specified as violent or drug-related felonies. 28 U.S.C. § 994(i). Subsection (h) was enacted to strengthen the penalties for career criminals beyond those already provided in subsection (i). Novey, 1996 WL 115326 at *4.

(including repeat offenders) who happen to transgress the same criminal statute.  We disagree with this approach.

A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as having their ordinary, contemporary, common meaning.  Beef Nebraska, Inc. v. United States, 807 F.2d 712, 716 (8th Cir. 1986).  The term "maximum" ordinarily means the upper limit of a range, the greatest quantity possible or permissible.  Hernandez, 1996 WL 116360 at *13.  Where a statute prescribes a range of punishment, the maximum is the upper end of the range.  Id.  Where a statute provides two tiers of punishment, common sense dictates that the maximum must fall at the high end of the two tiers.  Id.  The tiered penalty structure of section 841 predates section 994 and the Guidelines.  Id.  Congress was therefore aware that the Commission would be confronted with the choice of enhanced or unenhanced penalties in choosing the "maximum term authorized."  Accordingly, we find no ambiguity in the word "maximum," which we choose to afford its ordinary meaning.

Similarly, we have no trouble dispensing with the perceived ambiguities in the "at or near" language of section 994(h).  "At," of course, is not ambiguous.  "Near" ordinarily means "close to" and is a relative term.  Relative, however, does not necessarily mean ambiguous.  The sentencing scheme requires flexibility for upward and downward adjustments.  Hernandez, 1996 WL 116360 at *16.  We disagree with the district court's conclusion that "the phrase `at or near' is not specific and does not provide clear guidance as to the degree of nearness intended by Congress."  Fountain, 885 F. Supp. at 188.  The issue here is not how close the sentence must be to the statutory maximum, but to which statutory maximum it must be close.  No one can contend that the sentence resulting from use of the unenhanced statutory maximum is "at or near" the sentence resulting from use of the enhanced statutory maximum.  The

difference here is more than eight years.  In short, the definition of "near" does not realistically affect the dispute.

We are also persuaded that the Commission's current interpretation of the statute is "inherently implausible because it effectively nullifies the criminal history penalties carefully enacted in statutes like 21 U.S.C. § 841."  LaBonte, 70 F.3d at 1415 (Stahl, J., dissenting in part).  Under the Sentencing Commission's interpretation, a recidivist violent felon or recidivist drug felon would receive only that sentence at or near the maximum for defendants without such prior convictions.  Id.  Such an interpretation reduces both section 994(h) and the penalty enhancing components of statutes such as section 841 to mere surplusage.

The argument that rejection of the amendment transfers discretion from the judge to the prosecutor is, regrettably, of no moment to this discussion.  This shift of discretion has been one of the most common criticisms of the guidelines system.  See Novey, 1996 WL 115326 at *7.  Yet Congress apparently acquiesces in this transfer.  When Congress enacted these provisions, it was aware that the "maximum term authorized" will vary depending on whether a prosecutor seeks an enhanced sentence.  Id.; 21 U.S.C. § 851 (a)(1)(1982) (the government is required to file an information to establish prior convictions to trigger the tiered punishment scheme of section 841).  But see Hernandez, 1996 WL 116360 at *14 (characterizing section 851 as a process-oriented command for defendant's benefit rather than an overt grant of discretion to the prosecutor).  Regardless of our concerns about prosecutorial discretion, we must abide by the plain meaning of section 994(h).

Although we find that the statute is clear and unambiguous, we share the Tenth Circuit's diffidence in invalidating Amendment 506.  Novey, 1996 WL 115326 at *7.  We agree that the Commission's attempt to ameliorate the severity of the guidelines' treatment of

recidivist drug offenders comports with a widespread belief that the guidelines system is unreasonably draconian in many cases and deprives judges of the discretion to consider mitigating circumstances.  Id.

This case in particular produces an extremely harsh result.  Ivy Nelson is the father of nine children.  He has a history of drug and alcohol abuse that has been periodically controlled.  During those periods, he has been a somewhat productive member of society--at least contributing to the support of his children.  Although he has a long "rap sheet," his crimes pale in comparison to the violent and heinous crimes and large-scale drug conspiracies familiar to the federal and state courts.  There is no evidence in this record that Fountain is either a drug kingpin or gang member.  At his sentencing, he expressed disbelief that he was "brought to the feds" and professed a desire for drug and alcohol rehabilitation. Fountain will now be incarcerated, at the taxpayers' expense, for at least thirty years for selling five grams of cocaine base.

Nonetheless, such unfairness is for Congress, not the courts, to remedy.  Though there may be "little in logic to defend" Congress's position, we agree that "Congress would have less reason to exercise its responsibility to correct statutes that are thought to be unwise or unfair" if we were to alter our statutory interpretations in cases such as this. Neal v. United States, 116 S. Ct. 763, 769 (1996).

## III.  CONCLUSION

Fountain's conviction is affirmed.  The sentencing Commission's amendment to the commentary accompanying the career offender guideline is incompatible with the mandate of 28 U.S.C. § 994(h) and therefore is invalid.  Fountain's sentence is vacated and this case is remanded to the district court for resentencing in accordance with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.