108 F.3d 1378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory RHODES, Defendant-Appellant.
 No. 96-1312.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 E.D.Mich., No. 91-80179; Anna Diggs Taylor, Judge.
 E.D.Mich.
 AFFIRMED.
 Before: BROWN, BATCHELDER, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Gregory Rhodes, a Michigan prisoner proceeding pro se, appeals a district court order denying his motion to modify sentence filed under 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rhodes pleaded guilty in November 1991 to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base. On April 10, 1992, the district court sentenced him as a career offender to 292 months in prison and five years of supervised release. A panel of this court affirmed Rhodes's conviction in an unpublished opinion. See United States v. Woodfolk, Nos. 92-1302, etc., 1993 WL 147583 (6th Cir. May 5, 1993) (per curiam). Rhodes subsequently filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, challenging his sentence as a career offender and alleging ineffective assistance of counsel. That motion was denied and this court affirmed the district court in an unpublished order. See Rhodes v. United States, No. 94-1914, 1995 WL 150336 (6th Cir. Apr. 5, 1995), cert. denied, 116 S.Ct. 207 (1995).
 
 
 3
 In his motion to modify, Rhodes argued that Amendment 506 to the U.S. Sentencing Guidelines, which became effective November 1, 1994, and which redefined "offense statutory maximum" within the meaning of the career offender provisions, should be applied retroactively. This would lower his total offense level from 35 to 32 and his corresponding sentencing range from 292-365 months to 210-262 months. The government filed a response in which it acknowledged that Amendment 506 was made retroactive by USSG § 1B1.10(c), but argued that it did not affect Rhodes's guidelines sentencing range. In his reply, Rhodes continued to argue the merits of that issue and attempted to raise four additional issues.
 
 
 4
 In a memorandum opinion and order filed on February 12 and entered on February 13, 1996, the district court concluded that Amendment 506 was inapplicable to Rhodes's sentence and denied the motion to modify. The district court did not address the four new issues presented in Rhodes's reply to the government.
 
 
 5
 On appeal, Rhodes continues to argue the merits of his issues relating to Amendment 506, lack of notice under 21 U.S.C. § 851, sentencing as a career offender, and enhancement under § 2D1.1(b)(1). However, he abandons his mandatory minimum sentence issue and, instead, now argues that the district court applied an incorrect base offense level. Rhodes has filed a motion for in forma pauperis status on appeal.
 
 
 6
 Upon review, we affirm the district court's order for a reason other than that stated by the district court. See City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 251 (6th Cir.1994).
 
 
 7
 As an initial matter, only the Amendment 506 issue is properly before this court. The other issues which Rhodes attempted to present to the district court were raised only in his reply to the government's response. This situation is analogous to that in which an appellant raises an issue for the first time in a reply brief; this court has held that it will not consider an issue raised only at that time. See United States v. Brannon, 7 F.3d 516, 521 (6th Cir.1993). Similarly, the district court did not err when it declined to address Rhodes's supplementary issues. Since those issues were not properly raised in the district court, we do not address them for the first time on appeal. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). In any event, the issues raised in Rhodes's reply do not come within the scope of a motion to modify under 18 U.S.C. § 3582(c).
 
 
 8
 Rhodes asserts that Amendment 506 to the Sentencing Guidelines requires that he be resentenced at a lower offense level. The district court rejected Rhodes's argument on the ground that the amendment did not apply to the facts of Rhodes's case. Unfortunately for Rhodes, this court recently joined four other circuits in finding that Amendment 506 is "inconsistent with the mandate of 28 U.S.C. § 994(h) to punish recidivists 'at or near the maximum term authorized,' and therefore is invalid." United States v. Branham, 97 F.3d 835, 849 (6th Cir.1996); see also United States v. McQuilkin, 97 F.3d 723, 731 (3d Cir.1996); United States v. Fountain, 83 F.3d 946, 950-51 (8th Cir.1996) (collecting cases showing a split in authority on this question, with the Seventh, Eighth, and Tenth Circuits finding the amendment invalid and the First and Ninth Circuits finding the amendment a reasonable interpretation of an ambiguous statute), petition for cert. filed (U.S. Sept. 11, 1996) (No. 96-6001). For this reason, Rhodes's motion to modify is completely meritless.
 
 
 9
 Accordingly, we grant the motion to proceed in forma pauperis for the purpose of this review only. The district court's order, entered on February 13, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.