**UNITED STATES of America, Appellant,**

v.

**Steven W. ARNOLD, Appellee.**

**No. 95–3892.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1996.

Decided June 13, 1997.

---

**3.** Similar regulations give the Treasury up to one year in which to reclaim money paid on a forged check. 31 C.F.R. § 240.6(d).

Paul A. Murphy, Minneapolis, MN, argued (David L. Lillehaug, U.S. Attorney, on the brief), for Appellant.

Virginia Villa, Minneapolis, MN, for Appellee.

Before BEAM and HEANEY, Circuit Judges, and BOGUE,[1] District Judge.

BEAM, Circuit Judge.

The United States appeals the district court's reduction of Steven Arnold's sentence for drug conspiracy pursuant to a Sentencing Commission amendment to the Career Offender Guideline, United States Sentencing Commission, *Guidelines Manual* § 4B1.1 comment. (n.2). In light of the Supreme Court's decision in *United States v. LaBonte,* — U.S. ——, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997), we reverse and remand for resentencing.

Steven Arnold was sentenced to 360 months (30 years) of incarceration for various drug crimes. Because he qualified as a career offender, his sentence was enhanced in accordance with a statute that directs the Sentencing Commission to assure that certain repeat offenders are sentenced "at or near the maximum term authorized." 28 U.S.C. § 994(h). At the time of his original sentencing, that maximum term, referred to as the "Offense Statutory Maximum" in the Career Offender Guideline, U.S.S.G. § 4B1.1, had been interpreted to mean the maximum of the enhanced sentencing range, not the unenhanced range. *See, e.g., United States v. Sanchez,* 988 F.2d 1384, 1394–97 (5th Cir. 1993).

The Sentencing Commission later amended the Career Offender Guideline to define "Offense Statutory Maximum" as the statutory maximum exclusive of any enhancement based on a prior criminal record. *See* U.S.S.G. § 4B1.1, comment. (n.2) (1995). Arnold then filed a motion to reduce his sentence. Over objection by the government, the district court applied the amendment and reduced Arnold's sentence to 262 months (21 years, 10 months). This appeal followed. Although we had earlier ruled that the Sentencing Commission had exceeded its authority in enacting the amendment, *United States v. Fountain,* 83 F.3d 946, 953 (8th Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 2412, 138 L.Ed.2d 178 (1997), we reserved ruling on this case while the issue was considered by the United States Supreme Court in another case.

The Supreme Court has now rejected the Sentencing Commission's approach as at odds with the plain language of 18 U.S.C. § 994(h). *United States v. LaBonte,* at ——, 117 S.Ct. at 1676–77 Because the statute, and not the amended Guideline, controls, the "maximum term authorized" must be read to include all applicable statutory sentencing enhancements. *Id.* at ——, 117 S.Ct. at 1679–80. Accordingly, we reverse and re-

---

1. The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

mand to the district court for proceedings consistent with this opinion.