United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 95-3892
_____

United States of America,          *
                                   *
          Appellant,               *    Appeal from the United States
                                   *    District Court for the District
     v.                            *    of Minnesota.
                                   *
Steven W. Arnold,                  *
                                   *
          Appellee.                *


_____

Submitted: June 11, 1996
Filed: June 13, 1997
_____

Before BEAM and HEANEY, Circuit Judges, and BOGUE ,[1] District Judge.
_____

BEAM, Circuit Judge.

     The United States appeals the district court's reduction of Steven Arnold's sentence for drug conspiracy pursuant to a Sentencing Commission amendment to the Career Offender Guideline, United States Sentencing Commission, Guidelines Manual § 4B1.1 comment. (n.2).  In light of the Supreme Court's decision in United States v. LaBonte, No. 95-1726, 1997 WL 273644 (U.S. May 27, 1997),  we reverse and remand for resentencing.

_____

     [1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

Steven Arnold was sentenced to 360 months (30 years) of incarceration for various drug crimes. Because he qualified as a career offender, his sentence was enhanced in accordance with a statute that directs the Sentencing Commission to assure that certain repeat offenders are sentenced "at or near the maximum term authorized." 28 U.S.C. § 994(h). At the time of his original sentencing, that maximum term, referred to as the "Offense Statutory Maximum" in the Career Offender Guideline, U.S.S.G. § 4B1.1, had been interpreted to mean the maximum of the enhanced sentencing range, not the unenhanced range. See, e.g., United States v. Sanchez, 988 F.2d 1384, 1394-97 (5th Cir. 1993).

The Sentencing Commission later amended the Career Offender Guideline to define "Offense Statutory Maximum" as the statutory maximum exclusive of any enhancement based on a prior criminal record. See U.S.S.G. § 4B1.1, comment. (n.2) (1995). Arnold then filed a motion to reduce his sentence. Over objection by the government, the district court applied the amendment and reduced Arnold's sentence to 262 months (21 years, 10 months). This appeal followed. Although we had earlier ruled that the Sentencing Commission had exceeded its authority in enacting the amendment, United States v. Fountain, 83 F.3d 946, 953 (8th Cir. 1996), cert. denied, 1996 WL 547024 (U.S. June 2, 1997) (No. 96-6001), we reserved ruling on this case while the issue was considered by the United States Supreme Court in another case.

The Supreme Court has now rejected the Sentencing Commission's approach as at odds with the plain language of 18 U.S.C. § 994(h). United States v. LaBonte, 1997 WL 273644 at *4 Because the statute, and not the amended Guideline, controls, the "maximum term authorized" must be read to include all applicable statutory sentencing enhancements. Id. at *7. Accordingly, we reverse and remand to the district court for proceedings consistent with this opinion.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.