United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-3951WMKC
_____

United States of America,          *
                                   *
            Appellee,              *
                                   *  On Appeal from the
      v.                           *  United States District Court
                                   *  for the Western District
                                   *  of Missouri.
Glenn G. Reynolds,                 *
                                   *
            Appellant.             *

_____

Submitted:  June 10, 1997

                            Filed:                    June 19,
1997
_____

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and
      WOLLMAN, Circuit Judge.
_____

RICHARD S. ARNOLD, Chief Judge.

      In this case we again reaffirm the rule of this Circuit that second-
degree burglary

is a "crime of violence" for sentencing purposes under Section 4B1.2(1)(ii) of the Sentencing Guidelines.

## I.

Glenn G. Reynolds, a convicted felon, was charged with possession of several firearms, in violation of 18 U.S.C. §922(g)(1). The statutory maximum sentence is ten years. 18 U.S.C. §924(a)(2). Reynolds pleaded guilty. As originally computed in the presentence report, his adjusted offense level was 19. With a Criminal History Category of VI, this offense level produces a guideline range of five years and three months to 6 ½ years. The District Court[1] determined, however, that one of Reynolds's many previous convictions, a 1986 second-degree burglary, should be treated as a "crime of violence." Reynolds concededly had one other such conviction, so this decision meant that he would be classified as a "career offender" under U.S.S.G. §4B1.1. This classification produced a sentencing range of seven years and eight months to nine years and seven months. The Criminal History Category was unchanged.

The District Court imposed a sentence of eight years and four months (100 months), followed by three years' supervised release, a fine of $3,000, to be paid in installments, and the mandatory special assessment of $50.

---

[1]The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri.

II.

The question presented is how to classify Reynolds's second-degree burglary conviction. Because this issue has been thoroughly ventilated in previous opinions of this Court, we shall keep our discussion brief.

United States v. Nimrod, 940 F.2d 1186, 1188 (8th Cir. 1991), holds that second-degree burglary in violation of Missouri law qualifies a defendant as a career offender under §4B1.1. The holding was not limited to "a special subclass of burglaries that involve especially dangerous conduct." Id. at 1188-89. United States v. Hascall, 76 F.3d 902 (8th Cir. 1996), makes it clear that this holding applies to burglaries of commercial buildings (as is the case here). The convictions at issue in Hascall were under Iowa law, but that difference doesn't matter, because one of the bases of Hascall is Taylor v. United States, 495 U.S. 575, 598 (1990), adopting, for related purposes, a "generic definition [one might almost say a per se definition] of burglary." 76 F.3d at 904. It is the generic elements of burglary that matter - unlawful entry into a building to commit a crime - not the details of particular state statutes or the special circumstances of individual cases.

We are bound by Nimrod and Hascall. The latter opinion, in particular, discusses and rejects, at some length, most of the arguments made by Reynolds in this case. Appellant argues that Hascall is wrong, but we are not at liberty to consider that argument. One panel may not overrule another.

Appellant also cites United States v. Fountain, 83 F.3d 946, 950 (8th Cir. 1996), as authorizing a different approach. In Fountain, he says, this Court examined the

-3-

particulars of the conduct underlying the burglary conviction before deciding that it amounted to a "crime of violence." The point is not insubstantial, but it is ultimately unavailing. The text of the relevant part of Fountain reads as follows:

> As indicated, Fountain was convicted of burglarizing a garage. The burglary in question was in progress when interrupted by the homeowner, an off-duty police officer. Fountain and his accomplice were armed with a loaded revolver, which was pointed at the officer/homeowner. The officer/homeowner then fired his weapon at the burglars and they fled. Under the circumstances, we have no difficulty finding that the incident "otherwise involves conduct that presents a serious potential risk of physical injury to another." See United States v. Hascall, 76 F.3d 902, 904 (8th Cir. 1996) (second-degree burglary of a commercial building qualifies as a crime of violence under section 4B1.2); see also United States v. Cornelius, 931 F.2d 490, 493 (8th Cir. 1991) (use of weapon signifies a crime of violence).

83 F.3d at 950.

We think this passage is best understood as an alternative holding, something like this: "The generic theory of Hascall controls, but even if it didn't, this was still a 'crime of violence' because of what happened during this particular burglary." To read this passage as disavowing the generic or per se approach of Hascall would be to attribute to the Fountain Court a sub silentio overruling of Hascall in a paragraph that itself cites Hascall with approval. As we have said many times, most recently in this very opinion, one panel may not overrule another, and we believe the Fountain panel was as well aware of that rule as we are.

We add, though it is not necessary, that this result makes sense even if we were to consider the particulars of Reynold's underlying conduct in the present case. The building he burglarized was a commercial structure, not a dwelling, and no one was there at the time. The building belonged to his employer. It was Reynolds's place of work. We accept his statement that he did not intend to harm anyone, and that he would not have broken into the building if he had thought that someone was inside. This is all beside the point. The relevant portion of U.S.S.G. §4B1.2(1)(ii) defines "crime of violence" to include "conduct that presents a serious _potential risk_ of physical injury to another." (Emphasis ours). That no one was injured in fact is not dispositive. Breaking into a building by its very nature involves a "serious potential risk of physical injury," either to someone who happens to be in the building, or to someone, for example a police officer, who happens to pass by while the crime is being committed. Reynolds did not and could not know, _ex ante_, that no one was in the building, or that no one would happen upon him.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.