# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

No. 01-1115 NISC

———————————

United States of America,     *
                                  *

         Appellee,       *    Appeal from the United States

                                    *    District Court for the Northern

    v.                                *    District of Iowa

                                    *    [NOT TO BE PUBLISHED]

Randy Lowell Hurd,       *

                                    *

         Appellant.      *

———————————

Submitted: June 12, 2001

Filed: November 13, 2001

———————————

Before LOKEN and HALL**, Circuit Judges, and ROSENBAUM* District Judge.

———————————

PER CURIAM.

     Randy Lowell Hurd entered a conditional guilty plea to Counts I and III of a three- count Indictment.  Hurd was charged in Count I with being an unlawful user

———————————

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

**The Honorable Cynthia Holcomb Hall, United States Senior Circuit Judge for the 9th Circuit, sitting by designation.

of a controlled substance in possession of an unregistered firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and in Count III with possession of a firearm after having been convicted of a crime of domestic violence, in violation of 26 U.S.C. §§ 5842, 5861(d), and 5871. Hurd now appeals.

Hurd asserts the district court erred in denying his motion to dismiss Count III, claiming the charge should be dismissed on the ground that the predicate conviction was not a crime of domestic violence. Mr. Hurd is incorrect. As we stated in U.S. v. Smith, 171 F.3d 617, 620-21 (8th Cir. 1999), the United States is only required to prove the that predicate offense had as one of its elements the use or attempted use of physical force. Mr. Hurd's prior offense, a violation of Iowa Code § 708.1(1), meets this definition. Id. Hurd attempts to persuade us that his assault conviction was based instead on Iowa Code § 708.2, which he contends is a misdemeanor crime of domestic violence under 18 U.S.C. § 921(a)(33)(A)(ii). See Smith, 171 F.3d at 621. The district court correctly noted, however, that the charging papers in the predicate case indicate that Hurd was charged with an assault involving actual physical force, stating that he "did assault another and did cause bodily injury." This is the crime to which he pleaded guilty. Accordingly, the district court properly denied the defendant's motion to dismiss Count III.

Hurd also claims the district court improperly applied a two-level enhancement for involvement of a destructive device, pursuant to U.S.S.G. § 2K2.1(b)(3). He contends this enhancement amounts to impermissible double counting. In effect, he asks us to revisit our decision in United States v. Rohwedder, 243 F.3d 423, 427 (8th Cir. 2001) (holding application of the § 2K2.1(b)(3) enhancement, along with determining defendant's base offense level pursuant to § 2K2.1, does not constitute impermissible double counting) . We are not empowered to revisit prior decisions

2

rendered by other panels of this Court. Only the Circuit Court, <u>en banc,</u> may do so. <u>See</u> <u>United States v. Reynolds,</u> 116 F.3d 328, 329 (8th Cir. 1997). As a result, this panel may not grant the relief appellant seeks.

Finally, Hurd argues that his sawed-off shotgun is not among those weapons described in the Sentencing Guidelines commentary definition of a destructive device under § 2K2.1(b)(3). Mr. Hurd believes that destructive devices under § 2K2.1(b)(3) do not include all firearms defined in 26 U.S.C. § 5845(a). The government contends that it does.

We decline to reach the merits of Hurd's argument, however, because Mr. Hurd did not raise it in the district court. Having failed to do so, the defendant cannot now raise this issue for the first time on appeal. <u>U.S. v. Dixon</u>, 51 F.3d 1376, 1383 (8th Cir. 1995).

We affirm. <u>See</u> 8th Cir. R. 47B.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.