# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3517

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Bobby Dale Walker, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 14, 2011
Filed: February 28, 2011

_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.

_____

PER CURIAM.

Bobby Dale Walker pleaded guilty to violating 18 U.S.C. § 2250 based on his failure to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901-16991. The district court[1] sentenced him to a term of thirty months of imprisonment. Walker entered a conditional plea which preserved his right to bring this appeal. He argues the criminal statute (§ 2250) and § 113 of the SORNA (42 U.S.C. § 16913) violate the commerce clause of the

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

United States Constitution because they have an insufficient nexus to the regulation of interstate commerce.

Walker's argument (which he acknowledges raising solely for the purpose of preserving the issue for potential further review) is foreclosed in this circuit by United States v. May, 535 F.3d 912, 922 (8th Cir. 2008) (holding that § 2250 is an appropriate exercise of Congress's power to regulate the use of the channels of interstate commerce) and United States v. Howell, 552 F.3d 709, 715 (8th Cir. 2009) ("[A]n analysis of § 16913 under the broad authority granted to Congress through both the commerce clause and the enabling necessary and proper clause reveals the statute is constitutionally authorized."). See also United States v. Reynolds, 116 F.3d 328, 329 (8th Cir. 1997) ("One panel may not overrule another.").

We therefore affirm the judgment of conviction and sentence.

_____